TINA TABADISTO and LOUIS TABADISTO, Respondents, v. BROOKLYN BUS CORPORATION, Appellant.— Defendant appeals from a judgment for plaintiff Tina Tabadisto for injuries sustained as the result of the alleged negligence of defendant, whereby its bus was jerked backwards as she was alighting therefrom, causing her to be thrown to the ground and resulting in personal injuries; and for plaintiff Louis Tabadisto, her husband, for loss of services and expenses. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

KATHRYN G. TREACY, Appellant, v. F. W. WOOLWORTH Co., Respondent.— The plaintiff in this action seeks to recover damages for personal injuries suffered when certain celluloid waterwaving combs caught fire or exploded in her hair as she was in the process of drying it by means of an electric lamp. While she alleges two causes of action, one on implied warranty and the other in negligence, the case was submitted to the jury, without objection, solely on the question of negligence. The verdict was for the defendant. Judgment and order denying plaintiff's motion to set aside the verdict and for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

PAUL H. WENDEL, Respondent, v. HAROLD G. HOFFMAN, Appellant, and Others, Defendants.— Plaintiff sues to recover damages for injuries alleged to have been sustained by reason of his kidnapping, false imprisonment, assaults, batteries and other torts. It is alleged the defendants conspired to commit these wrongs. The defendant Hoffman made a motion to vacate and set aside the service of the summons and complaint and for an order judicially determining that this court declines to entertain or assume jurisdiction in this action over the person of plaintiff and himself or over the subject-matter. The motion was denied, as was a subsequent motion for the same relief on additional papers. Defendant Hoffman appeals, in part, from the two orders entered on the denial of the above-mentioned motions. The basis of both motions was that plaintiff and Hoffman were non-residents. The learned Special Term held that plaintiff was a resident of the State of New York when the action was instituted. In our opinion this finding is not supported by the record. Orders, in so far as appealed from, reversed on the law and the facts, with ten dollars costs and disbursements, and the motions granted in the exercise of discretion, with ten dollars costs, on condition that within ten days from the entry of the order hereon the appellant stipulate, and within twenty days after such stipulation secure the written consent of his codefendants to accept service of process in any action brought against them by plaintiff, in the appropriate New Jersey court, for the same relief; and that neither he nor his codefendants will plead the Statute of Limitations as a defense in such action, but will waive it. In the event of appellant's failure to comply with the foregoing conditions, the orders, in so far as appealed from, are affirmed, with ten dollars costs and disbursements, with leave to appellant to appear herein and serve his answer within forty days after the entry of the order hereon. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.